FILED

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney        2011 DEC -9 PM 3: 58
3  Chief, Criminal Division
   TRACY L. WILKISON (California Bar # 184948) CLERK U.S. DISTRICT COURT
4  Assistant United States Attorney        CENTRAL DIST. OF CALIF.
   Cyber and Intellectual Property Crimes Section    LOS ANGELES
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0622
7       Facsimile: (213) 894-0141
        email: tracy.wilkison@usdoj.gov
8  Attorneys for Plaintiff
   United States of America
9

10                 UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,    )    No. CR11-11 01174
                                 )
13                  Plaintiff,   )    GOVERNMENT'S NOTICE OF
                                 )    REQUEST FOR DETENTION
14             v.                )
                                 )
15  CALIN MATEIAS,               )
                                 )
16                               )
                    Defendant.   )
17                               )

18  _____

19       Plaintiff, United States of America, by and through its

20  counsel of record, hereby requests detention of defendant and

    gives notice of the following material factors:
21
         _____  1.   Temporary 10-day Detention Requested (§ 3142(d))
22
                     on the following grounds:
23
         _____  a.   offense committed while defendant was on
24
                     release pending (felony trial), (sentencing)
25
                     (appeal) or on (probation) (parole);
26
         _____  b.   alien not lawfully admitted for permanent
27
                     residence;
28
         _____  c.   flight risk;

1
      _____ d. danger to community.

2  X    2. <u>Pretrial Detention Requested (§ 3142(e)) because</u>

3        <u>no condition or combination of conditions will</u>

4        <u>reasonably assure against</u>:

5        X  a. danger to any other person or the community;

6        X  b. flight.

7  _____ 3. <u>Detention Requested Pending Supervised</u>

8        <u>Release/Probation Revocation Hearing (Rules</u>

9        <u>32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

10        _____ a. Defendant cannot establish by clear and

11        convincing evidence that he/she will not pose

12        a danger to any other person or to the

13        community;

14        _____ b. Defendant cannot establish by clear and

15        convincing evidence that he/she will not flee.

16  _____ 4. <u>Presumptions Applicable to Pretrial Detention (18</u>

17        <u>U.S.C. § 3142(e))</u>:

18        _____ a. Title 21 or Maritime Drug Law Enforcement Act

19        ("MDLEA") (46 U.S.C. App. 1901 et seq.)

20        offense with 10-year or greater maximum

21        penalty (presumption of danger to community

22        and flight risk);

23        _____ b. offense under 18 U.S.C. § 924(c) (firearm

24        used/carried/possessed during/in relation

25        to/in furtherance of crime), § 956(a), or §

26        2332b (presumption of danger to community and

27        flight risk);

28

1      _____ c.   offense involving a minor victim under 18

2            U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1),

3            2245, 2251, 2251A, 2252(a)(1)-(a)(3),

4            2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422,

5            2423 or 2425 (presumption of danger to

6            community and flight risk);

7      _____ d.   defendant currently charged with (I) crime of

8            violence, (II) offense with maximum sentence

9            of life imprisonment or death, (III) Title 21

10           or MDLEA offense with 10-year or greater

11           maximum sentence, or (IV) any felony if

12           defendant previously convicted of two or more

13           offenses described in I, II, or III, or two or

14           more state or local offenses that would

15           qualify under I, II, or III if federal

16           jurisdiction were present, or a combination of

17           such offenses, AND defendant was previously

18           convicted of a crime listed in I, II, or III

19           committed while on release pending trial, AND

20           the current offense was committed within five

21           years of conviction or release from prison on

22           the above-described previous conviction

23           (presumption of danger to community).

24    X    5.    Government Is Entitled to Detention Hearing

25        Under § 3142(f) If the Case Involves:

26      _____ a.   a crime of violence (as defined in 18 U.S.C.

27           § 3156(a)(4));

28

_____ b.  an offense for which maximum sentence is life
          imprisonment or death;

_____ c.  Title 21 or MDLEA offense with maximum
          sentence of ten years or more;

_____ d.  instant offense is felony and defendant has
          two or more convictions for a crime set forth
          in a-c above or for an offense under state or
          local law that would qualify under a, b, or c
          if federal jurisdiction were present;

__X__ e.  serious risk defendant will flee;

_____ f.  serious risk defendant will (obstruct or
          attempt to obstruct justice) (threaten,
          injure, or intimidate witness or juror, or
          attempt to do so).

_____ 6.  Government requests continuance of _____ days for
          detention hearing based upon the following
          reason:

          _____

          _____

7.   Good cause for continuance in excess of three days exists in that:

_____

_____

Dated: December 9, 2011                    Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/ Tracy

TRACY L. WILKISON
Assistant United States Attorney
Cyber and IP Crimes Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA